1
2
3
4
5
6
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11

CHARLES EDWARD JAMISON,

Plaintiff,

Case No. 19-06015 BLF (PR)

12

v.

**ORDER OF DISMISSAL WITH
LEAVE TO AMEND**

13

14 S. HATTON, et al.,

15 Defendants.

16

17

18      Plaintiff, a California state prisoner, filed the instant *pro se* civil rights action

19 pursuant to 42 U.S.C. § 1983 against officials and former officials at the Correctional

20 Training Facility ("CTF") in Soledad and against unknown officials at the CDCR. (Docket

21 No. 1, "Compl.")  Plaintiff's motion for leave to proceed *in forma pauperis* shall be

22 addressed in a separate order.

23

24                                  **DISCUSSION**

25 **A.    <u>Standard of Review</u>**

26      A federal court must conduct a preliminary screening in any case in which a

27 prisoner seeks redress from a governmental entity or officer or employee of a

28 governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

United States District Court
Northern District of California

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2  upon which relief may be granted or seek monetary relief from a defendant who is immune

3  from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

4  construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6  elements: (1) that a right secured by the Constitution or laws of the United States was

7  violated, and (2) that the alleged violation was committed by a person acting under the

8  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9  **B.      Plaintiff's Claims**

10      Plaintiff claims that Defendants caused him to contract Valley Fever, "a lifelong

11  crippling disease." (Compl. Attach. at 3(3).) According to Plaintiff, Valley Fever is a

12  parasitic disease caused by exposure to airborne fungal spores of Coccidioides organisms

13  found in the soil in certain locations of California; the spores are inhaled following a

14  disturbance of contaminated soil, for example by construction or remodeling projects or

15  dust storms, windstorms and earthquakes. (*Id.*) He claims that around the week of June

16  20, 2016, he began to experience flu-like symptoms, for which he sought medical

17  attention. (*Id.* at 3(4).) He was diagnosed with Valley Fever on December 19, 2016. (*Id.*

18  at 3(5).) Plaintiff claims that he contracted Valley Fever as a result of construction of a

19  medical facility at CTF's Central Facility. (*Id.*) Plaintiff claims that neither CTF nor the

20  construction company took preventive measures to ensure that harmful antigens were not

21  released into the air within the facility's corridors and adjacent building, nor was he

22  provided with any type of facial mask to filter out harmful elements from the air. (*Id.*)

23  Plaintiff claims that the infliction of this lifelong crippling disease amounts to cruel and

24  unusual punishment under the Eighth Amendment. (*Id.* at 3(1).) Plaintiff seeks

25  declaratory relief and damages. (*Id.* at 3(7), 3(8).)

26      Plaintiff's attempt to state an Eighth Amendment claim fails for insufficient facts.

27  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison

28                                                  2

United States District Court
Northern District of California

1    and the conditions under which he is confined are subject to scrutiny under the Eighth

2    Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates

3    the Eighth Amendment when two requirements are met: (1) the deprivation alleged must

4    be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501

5    U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of

6    mind, *id.* (citing *Wilson*, 501 U.S. at 297). The requisite state of mind in prison-conditions

7    cases is one of "deliberate indifference." *See, e.g.*, *Farmer*, 511 U.S. at 834 (inmate

8    safety); *Helling*, 509 U.S. at 32-33 (inmate health); *Wilson*, 501 U.S. at 302-03 (general

9    conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

10          Assuming Plaintiff's allegations satisfy the first prong for an Eighth Amendment

11   claim, he fails to satisfy the second prong, i.e., that Defendants possess a sufficiently

12   culpable state of mind. Nowhere in the complaint does Plaintiff allege that any of the

13   named Defendants knew that the construction would expose inmates to airborne fungal

14   spores that would result in them contracting Valley Fever, and that Defendants proceeded

15   with the project despite this knowledge. There are simply no factual allegations in this

16   regard to satisfy the subjective requirement for an Eighth Amendment claim. *See Farmer*,

17   511 U.S. at 834. A prison official cannot be held liable under the Eighth Amendment for

18   denying an inmate humane conditions of confinement unless the standard for criminal

19   recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate

20   health or safety. *Id.* at 837. The official must both be aware of facts from which the

21   inference could be drawn that a substantial risk of serious harm exists, and he must also

22   draw the inference. *See id.* An Eighth Amendment claimant need not show, however, that

23   a prison official acted or failed to act believing that harm actually would befall an inmate;

24   it is enough that the official acted or failed to act despite his knowledge of a substantial

25   risk of serious harm. *See id.* at 842. A heightened pleading standard applies to the

26   subjective prong of Eighth Amendment claims: the plaintiff must make nonconclusory

27   allegations supporting an inference of unlawful intent. *Alfrey v. United States*, 276 F.3d

28                                                                3

557, 567-68 (9th Cir. 2002) (applying standard to *Bivens* Eighth Amendment claim). Plaintiff shall be afforded an opportunity to file an amended complaint to state sufficient facts to support an Eighth Amendment claim.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633. Accordingly, Plaintiff must allege sufficient facts describing each named defendant's actions or failure to act that caused the violation of his Eighth Amendment rights.

Lastly, Plaintiff names "unknown defendants 1-20," referring to as yet unnamed state officials of the CDCR, as defendants in this action. (Compl. Attach. at 3(3).) Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Plaintiff is advised that should he name any "John Doe" defendants in an amended complaint, those defendants will be dismissed from this action. If, through discovery, Plaintiff is able to identify any unknown defendants, he may then motion the Court for leave to amend to

4

name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423–24 (9th Cir. 1990).

# CONCLUSION

For the reasons state above, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 19-06015 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** ___January 27, 2020___

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.19\06015Jamison_dwlta